PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

F I L E D

# IN THE UNITED STATES DISTRICT COURT

JUN 2 0 2023

FOR THE _____WESTERN_____ DISTRICT OF TEXAS CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

_____SAN ANTONIO_____ DIVISION       BY _____ DEPUTY CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

Kirk Wayne M<u>c</u> Bride, Sr.

**PETITIONER**
(Full name of Petitioner)

vs.

BOBBY LUMPKIN, Director,
TDCJ-CID

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

John M. Wynne State Plantation
CURRENT PLACE OF CONFINEMENT

#00733097
PRISONER ID NUMBER

SA23CA0795FB

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## **PETITION**

**What are you challenging?** (Check all that apply)

☑ A judgment of conviction or sentence,   (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.
☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
☐ Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

### All petitioners must answer questions 1-4:

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 22ND Judicial District Court of Comal County, Texas. Ninety-nine (99) years.

2.  Date of judgment of conviction: September 08, 1995

3.  Length of sentence: Ninety-nine (99) years confinement

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: #CR-95-129 - Aggravated Sexual Assault

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury      ☐ Judge Only

7. Did you testify at trial?  ☑ Yes   ☐ No

8. Did you appeal the judgment of conviction?  ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __Third Court of__

   __Appeals/Austin, Texas__        Cause Number (if known): __#03-95-00596-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __March 20, 1997__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer
   the following:

   Grounds raised: __No Recollection/Documentation Unavailable.__

   Result: __Refused__

   Date of result: __September 24, 1997__ Cause Number (if known): __Unavailable__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
   following:

   Result: __Denied__

   Date of result: __April 27, 1998__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this
    judgment in any court, state or federal? This includes any state applications for a writ of habeas
    corpus that you may have filed.      ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __22ND Judicial District Court/Comal County, Texas__

    Nature of proceeding: __Habeas Corpus__

    Cause number (if known): __CR-95-129-021__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:    May 24, 2022

Grounds raised:    As presented in the foregoing petition.

_____

Date of final decision:    August 03, 2022    (No Issuance of Mandate).

What was the decision?    Denied without written order.

Name of court that issued the final decision:    Texas Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court:         N/A

Nature of proceeding:    N/A

Cause number (if known):    N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
            N/A

Grounds raised:        N/A

_____

Date of final decision:        N/A

What was the decision?    N/A

Name of court that issued the final decision:    N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future:        N/A

_____

(b)    Give the date and length of the sentence to be served in the future:    N/A

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☑ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____ N/A _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☑ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☑ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☑ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____ N/A _____

Disciplinary case number: _____ N/A _____

What was the nature of the disciplinary charge against you? _____ N/A _____

18.    Date you were found guilty of the disciplinary violation: _____ N/A _____

Did you lose previously earned good-time days?    ☐ Yes    ☑ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____ N/A _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____ N/A _____
_____
_____
_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☑ No

If your answer to Question 19 is "Yes," answer the following:

<u>Step 1</u> Result: _____ N/A _____

Date of Result: _____ N/A _____

Step 2  Result: _____ N/A _____

Date of Result: _____ N/A _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    *GROUND ONE:*   As attached hereto and presented

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

B.    **GROUND TWO:**        As attached hereto and presented.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**GROUND ONE:** The indictment upon which the Applicant was convicted was barred under the applicable statute of limitation because the subsequent indictment substantially broaden the charge against the Applicant and differed from the charges alleged in the initial Indictment. This new legal basis provides the Applicant with a defense to the prosecution that was unavailable at the time of trial.

**FACTS SUPPORTING GROUND ONE:** Applicant was indicted for the allege offense of Aggravated Sexual Assault under Section 22.021(a)(1)(A)(i)(2)(A)(iii) of the Texas Penal Code in Case No. #CR-90-157, Styled: The State of Texas v. Kirk Wayne M<sup>c</sup> Bride. The indictment was never filed with the Office of the District Clerk for Comal County, Texas. (Exhibit A). The Applicant was subsequently indicted for the alleged offense of Aggravated Sexual Assault under Section 22.021(a)(1)(A)(i)(2)(A)(ii) & (iv) of the Texas Penal Code as a Habitual Offender in Case No. #CR-95-129, Styled: The State of Texas v. Kirk Wayne M<sup>c</sup> Bride, that was filed with the Office of the District Clerk for Comal County, Texas, on May 10, 1995. (Exhibit B). The initial indictment in Case No. #CR-90-157 charged the Applicant with one (1) Count of Aggravated Sexual Assault where upon the Applicant's direct appeal and reversal, the State re-indicted the Applicant with two (2) Counts of Aggravated Sexual Assault as a Habitual Offender. (Exhibit B). The State has conceded that the later indictment charged the Applicant with two (2) Counts of Aggravated Assault, and the initial indictment charged the Applicant with one (1) Count of Aggravated Sexual Assault. Both indictments alleged that the offense occurred on or about January 14, 1990. As a defense in trial the Applicant raised the defense of Statute of Limitation. (Exhibit C). The jury was so instructed that the time during the pendency of an indictment shall not be computed in the period of limitation and that the term during the pendency meant that period of time beginning with the day the indictment is filed in a court of competent jurisdiction and ending with the day the indictment is dismissed for any reason by order of a trial court having jurisdiction thereof. The jury was never informed that indictment could not substantially broaden the charges or differ from the charges contained in the pending indictment, which was a fact matter for the jury's determination which has now been made a legal basis and defense that was unavailable at the time of the Applicant's trial, and which is a new substantive rule of law. The subsequent indictment did not share the same factual basis upon which the prosecution was based as to the gravemen of the aggravating elements, and differed in the conduct and/or actions of the Applicant in committing the purported offense, and added the Habitual Sentencing Scheme. Further, this is a new legal development that warrants the relitigation of the Applicant's statute of limitation claim where the Texas Court of Criminal Appeals has announced that a subsequent indictment cannot substantially broaden or differ from from the original charges for the purpose of being tolled by the pendency of another indictment.

Notwithstanding, the jury returned a General Verdict leaves question as to whether the verdict was unanamious, because six (6) jurors could have found the Applicant guilty under Count I of the indictment, while six (6) jurors could have found the Applicant guilty under Count II of the indictment.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Article 11.07 Writ Application Form*          7                    *Revised 2018*

12

Applicant is Actual Innocence because the jury could
**GROUND TWO:** not have factually found that the indictment in Case
No. #CR-90-157 was a pending indictment in accordance with the Jury
Insturction given because the indictment in Case No. #CR-90-157 was
never filed by the District Clerk's Office for Comal County, Texas.

**FACTS SUPPORTING GROUND TWO:** The jury was instructed that the time
during the pendency of an indictment shall not be computed in the
period of limitation. The term during the pendency means that the
period of time beginning with the day of the indictment is filed in
a court of competent jurisidction and ending with the day the
indictment is dismissed for any reason by an order of a trial
court having jurisdiction thereof. (Exhibit C). The jury could not
have factually found that the indictment in Case No. #CR-90-157 was
pending  because it was never filed in a court of competent
jurisdiction. (Exhibit B). The jury just could not have found this
to be factually accurate given the evidence and the Jury Instructions
on this matter.

*Article 11.07 Writ Application Form*          8          *Revised 2018*

13

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Article 11.07 Writ Application Form*        9        *Revised 2018*

14

C.    **GROUND THREE:** _____N/A_____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.    ***GROUND FOUR:*** ___N/A_____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.    Relief sought in this petition: This is a subsequent or second federal habeas
petition under the provisions of Title 28 U.S.C., Section 2254 et seq.
It is requested for limitation purpose, that the instant petition be
filed, and that an Order be entered transferring the petition to the
Court of Appeals for the Fifth Circuit for determination whether this
Court will be authorized to consider and address the claims presented.
See., In re Epps, 127 F.3d 364 (5th Cir. 1997). Provided that auhorization
is granted, it is requested that the State court judgment in this case
be vacated.

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☑Yes  ☐No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied. United States District Court for The Western District of Texas, San Antonio Division, No. #5:99-CV-01246-WRF, Styled: McBride v. Johnson, Denied with prejudice -August 04, 2000.

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☑No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☑Yes  ☑ No

*If your answer is "Yes,"* state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)  At preliminary hearing:  Wade Arledge

   (b)  At arraignment and plea:  Wade Arledge

   (c)  At trial:  Victoria Langham & Dib Waldrip

   (d)  At sentencing:  Victoria Langham & Dib Waldrip

   (e)  On appeal:  In propria persona

   (f)  In any post-conviction proceeding:  In propria persona.

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

In propria persona <i>pro se</i>

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1] Because the factual and legal basis for the claim presented is premised upon an intervening change in the law and/or the clarificaton and reinterpretation of the law by the Texas Court of Criminal Appeals in West v. State, 632 S.W.3d 908 (Tex.Cr.App. 2021) that was decided on _____ This clarified a new legal defense to the prosecution.

_____

_____

_____

The foregoing claims could not have been presented in the previous considered application because the law had not been clarified by the Texas Court of Criminal Appeals. The new legal basis requires the re-opening of this case, in light of the fact that the district court did not fully consider and address the limitation claim in the previous considered petition, and had such been reviewed under the new intervening law, the outcome of the proceedings would have been different. Given that this is a new legal defense to the prosecution

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

June 11, 2023 _____ (month, day, year).

Executed (signed) on _____ June 11, 2023 _____ (date).

_____

Signature of Petitioner (required)
Kirk Wayne Mc Bride, Sr.

Petitioner's current address: No. #00733097, John M. Wynne State Plantation, 810 FM 2821, West Hwy. 75, N., Huntsville, Texas. 77349-0005

_____

Scanned March 16, 2005

WITNESS: B. BOATRIGHT          JP# 1-#8517EX          ARREST DATE: 1-16-90

CR 90 - 157          G/J DATE: 6-20-90          BOND AMT:$50,000.00

The State of Texas vs.    KIRK WAYNE MCBRIDE

Charge:    AGGRAVATED SEXUAL ASSAULT

COURT:    22ND JUDICIAL DISTRICT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Comal, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the APRIL Term A.D., 1990, of the 22nd Judicial District Court for said County, upon their oaths present in and to said court at said term that KIRK WAYNE MCBRIDE hereinafter styled Defendant, on or about the 14TH day of JANUARY, A.D., 1990, and before the presentment of this indictment, in the County and State aforesaid,

did then and there knowingly and intentionally by threats, force and violence directed toward NANCY HODGES, cause the penetration of the anus of NANCY HODGES by his sexual organ, without the consent of NANCY HODGES, and defendant did then and there knowingly place NANCY HODGES in fear of imminent bodily injury or death by using and exhibiting a deadly weapon, to-wit: a Knife and by acts and words placed NANCY HODGES in fear that death and serious bodily injury and kidnapping would be immediately inflicted;

And the Grand Jurors aforesaid, upon their oaths, do further present that prior to the commission of the aforesaid offense by the said KIRK WAYNE MCBRIDE, herein alleged, the said KIRK WAYNE MCBRIDE was three times duly and legally convicted of a felony less than a capital, to-wit:

On the 9th day of DECEMBER , 1986 in the 22ND DISTRICT COURT of COMAL COUNTY, Texas, in a case numbered upon the docket of said Court Number CR 86-174C and styled The State of Texas vs KIRK WAYNE MCBRIDE, the said KIRK WAYNE MCBRIDE was duly and legally convicted in said last named court of a felony, to-wit, DELIVERY OF A CONTROLLED SUBSTANCE;

and

13

EXHHIBIT A

_____

19-5?P60.1382

Scanned March 16, 2005

On the 22ND day of SEPTEMBER, 1986 in the 22ND DISTRICT COURT of COMAL COUNTY, Texas, in a case numbered upon the docket of said Court Number CR 86-58A and styled The State of Texas vs KIRK WAYNE MCBRIDE, the said KIRK WAYNE MCBRIDE was duly and legally convicted in said last named court of a felony, to-wit, BURGLARY OF A NON HABITATION which conviction occurred, and the judgment therein became final, prior to the commission of the offense 'for which the said KIRK WAYNE MCBRIDE was convicted in Cause Number CR86-174C in the 22ND DISTRICT COURT of COMAL County, Texas, as aforesaid; and

On the 29TH day of OCTOBER, 1979 in the 147TH DISTRICT COURT of TRAVIS County, Texas, in a case numbered upon the docket of said Court Number 58,174 and styled The State of Texas vs KIRK WAYNE MCBRIDE, the said KIRK WAYNE MCBRIDE was duly and legally convicted in said last named court of a felony, to-wit, ROBBERY which conviction occured, and the judgment therein became final, prior to the commission of the offense for which the said KIRK WAYNE MCBRIDE was convicted in Cause Number CR86-58A in the 22ND DISTRICT COURT of COMAL county, Texas, and in said Cause number CR86-174C in the 22nd DISTRICT COURT of COMAL COUNTY, TEXAS;

Said convictions in Cause Number 58,174 in the 147TH DISTRICT COURT of TRAVIS County, Texas and in CR86-58A in the 22ND DISTRICT COURT of COMAL County, and in CR86-174C in the 22nd DISTRICT COURT of COMAL County, occurred, and the judgments therein became final, prior to the commission of the offense hereinbefore alleged in and by this indictment, upon indictments then legally pending in said courts, of which said courts had jurisdiction, and said convictions are final; and he the said KIRK WAYNE MCBRIDE was and is the same person who was convicted in said Cause Number 58,174 in the 147TH DISTRICT COURT of TRAVIS County, Texas and in said Cause Number CR86-58A in the 22ND DISTRICT COURT of COMAL County, Texas, and in said Cause Number CR86-174C in the 22ND DISTRICT COURT of COMAL County, Texas;

THE STATE OF TEXAS HEREBY GIVES NOTICE IT WILL SEEK AN AFFIRMATIVE FINDING ON THE ISSUE OF USE OF A DEADLY WEAPON IN THIS CAUSE;

Against the peace and the dignity of the State.

14

19-5146 60.1383

Scanned March 16, 2005

95 MAY 10 PM 1: 01

CR 95-129         G/J DATE 5-10-95      BOND AMT. $50,000.
The State of Texas   vs.   KIRK WAYNE MC BRIDE
Charge : AGGRAVATED SEXUAL ASSAULT  -  HABITUAL
COURT: 22ND JUDICIAL DISTRICT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Comal, State of Texas, duly selected empaneled, sworn, charged, and organized as such at the April Term A.D., 1995 , of the 22nd Judicial District Court for said County, upon their oaths present in and to said court at said term that KIRK WAYNE MC BRIDE hereinafter styled defendant, on or about the 14TH day of January , A.D., 1990 , and before the presentment of this indictment, in the County and State aforesaid,

did then and there intentionally and knowingly cause the penetration of the anus of Nancy Hodges by means of the defendant's sexual organ without the consent of Nancy Hodges, and the defendant did then and there by acts and words threaten and place Nancy Hodges in fear that death and serious bodily injury and kidnapping would be imminently inflicted on Nancy Hodges, and said acts and words occurred in the presence of Nancy Hodges;

And the Grand Jurors aforesaid, upon their oath aforesaid, do further present that on or about the 14th day of January, A.D., 1990 , and before the presentment of this indictment, in the County and State aforesaid, the Defendant did then and there intentionally and knowingly cause the penetration of the anus of Nancy Hodges by means of defendant's sexual organ, without the consent of Nancy Hodges, and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, to-wit:  a knife;

And it is further presented in and to said Court that during a period from the 20th day of June, A.D., 1990, until the 20th day of December A.D., 1994, an indictment charging the above offense was pending in a Court of competent jurisdiction, to-wit:   Cause No.   CR-90-157 in the 22nd

EXHIBIT B

19-51160.1384

Scanned March 16, 2005

Judicial District Court of Comal County, Texas, styled The State of Texas vs. Kirk Wayne McBride;

AND IT IS further presented to said Court that, prior to the commission of the aforesaid offense (hereinafter styled the primary offense), on the 6th day of December, A.D,, 1979 , in cause number 58,174 in the 147th Judicial District Court of Travis County, Texas, the said defendant was convicted of the felony offense of ROBBERY,

AND IT IS further presented in and to said Court, that prior to the commission of the primary offense and after the conviction in cause number 58,174 was final, the said defendant committed the felony offense of BURGLARY OF A NON-HABITATION and was convicted on the 22nd day of September, A.D., 1986 in cause number CR86-58A in the 22nd Judicial District Court of Comal County, Texas,

AND IT IS further presented in and to said Court that, prior to the commission of the primary offense and after the conviction in cause number 58,174 was final, the said defendant committed the felony offense of DELIVERY OF A CONTROLLED SUBSTANCE -HYDROMORPHONE and was convicted on the 9th day of December , A.D., 1986 in cause number CR86-174C in the 274TH Judicial District Court of.Comal County, Texas,

against the peace and dignity of the State.

_Kenneth C. _____
Foreman of the Grand Jury

16

19-51460.1385

Scanned March 16, 2005

CAUSE NO. CR95-129

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 22ND JUDICIAL DISTRICT |
| | § | |
| KIRK WAYNE MCBRIDE | § | COMAL COUNTY, TEXAS |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Kirk Wayne McBride, stands charged by indictment with the offense of aggravated sexual assault alleged to have been committed in Comal County, Texas, on or about the 14th day of January, 1990. To this charge, the defendant has pleaded not guilty. It now becomes your duty to determine whether the allegations contained in the indictment are true beyond a reasonable doubt. You are instructed that the law applicable to this case is as follows:

### I. DEFINITIONS

1.   Our law provides that a person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus of another person by any means, without that person's consent, and he either: (1) by acts or words, places the victim in fear that death, serious bodily injury or kidnapping will be imminently inflicted on any person; or (2) uses or exhibits a deadly weapon in the course of the same criminal episode.

2.   A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

EXHIBIT C

17

Scanned March 16, 2005

3.   A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

4.   The term "penetration" means any insertion, however slight, or to pass beyond a natural fold of skin or tissue into an area of the body not usually exposed to view even in nakedness.

5.   Such assault is without the other person's consent if the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat.

6.   The term "serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

7.   The term "kidnapping" means to intentionally or knowingly abduct another person by restraining a person with intent to prevent her liberation by using or threatening to use deadly force such as force capable of causing death or serious bodily injury.

8.   The term "deadly weapon" means either:   (1) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

9.   Our law also provides that a felony indictment for aggravated sexual assault must be presented within five years from

2

18

Scanned March 16, 2005

the date of the commission of the offense. An indictment is
considered "presented" when it has been duly acted upon by the grand
jury and received by the Court.

10. The time during the pendency of an indictment shall not be
computed in the period of limitation. The term "during the pendency"
means that the period of time beginning with the day the indictment
is filed in a court of competent jurisdiction and ending with the day
the indictment is dismissed for any reason by an order of a trial
court having jurisdiction thereof. You are instructed that
jurisdiction for all felony accusations is in the District Court of
the county wherein the offense is alleged to have occurred.

## II. APPLICATION

Bearing in mind the foregoing instructions and definitions, if
you believe from the evidence beyond a reasonable doubt, the
defendant, Kirk Wayne McBride, on or about the 14th day of January,
1990, in the County of Comal, State of Texas, did then and there
intentionally or knowingly cause the penetration of the anus of Nancy
Hodges by inserting his sexual organ therein without the consent of
Nancy Hodges by compelling her submission or participation therein by
threatening to use force or violence against her and she believed the
defendant had the present ability to execute the threat, and the
defendant either: (1) by acts or words, placed Nancy Hodges in fear
that death, serious bodily injury or kidnapping would be imminently
inflicted upon her; or (2) used or exhibited a deadly weapon, to-wit:
a knife, in the course of the same criminal episode, then you will
next consider the issue of limitations.

3

19

Scanned March 16, 2005

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated sexual assault and say by your verdict, "Not Guilty.".

### III.  LIMITATIONS

If you find beyond a reasonable doubt that the defendant is guilty of aggravated sexual assault pursuant to the instructions and definitions herein, you must also find beyond a reasonable doubt that an indictment, to-wit:  Cause No. CR90-157, charging the defendant, Kirk Wayne McBride, with the above offense was pending in a court of competent jurisdiction, to-wit:  the 22nd Judicial District Court of Comal County, Texas, during a period from the 20th day of June, 1990, until the 20th day of December, 1994.  If you so find, you will find the defendant guilty of aggravated sexual assault and say by your verdict, "Guilty.".

But if you have a reasonable doubt as to whether the offense occurred more than five (5) years prior to the presentment of an indictment herein, then you must acquit the defendant because the prosecution for such offense would be barred by the statute of limitations of the State of Texas and say by your verdict, "Not Guilty.".

### IV.  CONCLUDING INSTRUCTIONS

1.    You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but the law you receive in these written instructions shall govern your application of the facts and testimony believed by you in reaching your verdict in this case.

4

20

19-51460.1389

Scanned March 16, 2005

2.   In a criminal case, the law permits a defendant to testify in his own behalf, but he is not compelled to do so.  The same law provides that the fact that a defendant does not testify shall not be considered as a circumstance against him.  You will, therefore, not consider the fact that the defendant did not testify as a circumstance against him.  Nor shall you, in your retirement and deliberations, allege, comment upon, or in any manner refer to the fact that the defendant has not testified.

3.   You are instructed that the grand jury indictment is not evidence of guilt.  It is simply the means whereby a defendant is brought to trial in felony prosecution.  It is not evidence, nor can it be considered by you in passing upon the innocence or guilt of this defendant.

4.   During your deliberations in this case, you must not consider or discuss or relate any matters not in evidence before you.  You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

5.   All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.  The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at this trial.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a

5

2ĵ

19-51160.1390

Scanned March 16, 2005

reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt. If the prosecution fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after a careful and impartial consideration of the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his or her affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit the defendant and say by your verdict, "Not Guilty.".

6.   No one has any authority to communicate with you except the Court's Bailiff. During your deliberations, any question you may have about this case may only be communicated to the Court in writing through the Bailiff. Do not attempt to talk to or otherwise communicate with the attorneys, the Court, or anyone else, except in writing as prescribed above.

6

22

19-51160.1391

Scanned March 16, 2005

7. Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this case, and you shall restrict your deliberations solely to the issue of guilt or innocence of the defendant.

10. After you retire to the jury room, you should select one of your members as your foreperson. It is his or her duty to preside at your deliberations and to vote with you. When each of you has unanimously agreed upon a verdict, the foreperson shall record your verdict by selecting only the appropriate form attached hereto and certify it by signing the same as foreperson. Your verdict must be in writing and signed by your foreperson.

_____
Judge Presiding

8 7

2 5

19-51450.1392

Scanned March 16, 2005

CAUSE NO. CR95-129

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 22ND JUDICIAL DISTRICT |
| | § | |
| KIRK WAYNE MCBRIDE | § | COMAL COUNTY, TEXAS |

## VERDICT OF THE JURY

We, the jury, find the defendant, Kirk Wayne McBride, guilty of the offense of aggravated sexual assault as charged in the indictment.

_____
Foreperson of the Jury
James L. Beath

98

2d